The relator, Florus C. Whartenby, invokes the original jurisdiction of this court in mandamus and seeks the peremptory order of this court compelling the respondent the county board of education of Perry county, Ohio, to accept a transfer of school territory situate in Hopewell rural school district in Muskingum county, Ohio, and annex the same to a contiguous school district of the county school district of Perry county, Ohio. No part of the territory so to be transferred *Page 464 
belongs to a district of which the schools are centralized. The petition describes the territory sought to be transferred, and states that on February 22, 1930, a petition for such transfer was filed with the county board of education of Muskingum county in accordance with Section 4696, General Code, which petition was signed by 387 electors and residents of said territory, constituting more than 75 per cent., to wit, about 90 per cent., of the electors and residents of said territory. Thereafter, on March 8, 1930, the county board of education of Muskingum county granted the prayer of the petition and ordered the transfer. The action of the Muskingum county board was duly certified to the Perry county board of education, and on March 17, 1930, the Perry county board unanimously concurred in a resolution whereby the proposed transfer of territory was rejected and the acceptance of the transfer and the annexation of the same to a contiguous school district in Perry county, Ohio, was refused. The defendants have demurred to the petition.
This controversy involves the sole question of the true intent and meaning of Section 4696, General Code, as amended in 1929 (113 Ohio Laws, 296), the pertinent portion of which is as follows:
"A county board of education may, upon a petition of a majority of the electors residing in the territory to be transferred, transfer a part or all of a school district of the county school district to an exempted village, city or county school district, the territory of which is contiguous thereto. Upon petition of seventy-five per cent of the electors in the territory proposed to be transferred the county *Page 465 
board of education shall make such transfer. A county board of education may accept a transfer of territory from any such school district and annex same to a contiguous school district of the county school district."
The prayer of the petition can only be granted if the permissive language relating to the county board of education of the county to which the territory is to be transferred and annexed shall be construed to impose a mandatory duty upon that board after affirmative action has been taken by the board of education of the district from which the property is to be transferred. It will be observed that when the petition of electors and residents contains only a majority of such resident electors, the duties of the board of education are defined in permissive language. Where the petition is signed by 75 per cent. of such resident electors, the duties are defined in mandatory language. Finally, in that portion of the statute which defines the duties of the board of the territory to which property is to be annexed, the duties are again defined in permissive language. It is argued by relator that "may" should be construed as "must."
It is well settled that the word "may" as employed in a statute is sometimes construed in the sense of "must." There are many cases in which such construction has been given. The rules governing such interpretation are well defined. "May" should be construed in the sense of "must" when such construction is required to give effect to the language of the statute or to carry out the purpose of the Legislature, as that purpose may appear upon a general survey of the statute under *Page 466 
construction. In Columbus, Springfield Cincinnati Rd. Co. v.Mowatt, 35 Ohio St. 284, it is well stated at page 287 of the opinion:
"Where authority is conferred to perform an act which the public interest demands, may is generally regarded as imperative."
In any event, it is a question of interpretation and ascertainment of the legislative intention in the enactment of the particular statute. Applying these rules of interpretation, there is no difficulty in reaching the conclusion that the Perry county board has a discretion as to whether or not it will accept the transfer of territory from Muskingum county. In Section 4696 the word "may" is employed twice, and the word "shall" is employed once. Those words were therefore not strangers to the members of the General Assembly. The language of the statute in the light of the purpose to be served, and a consideration of the demands of the public interest, indicates that the words "may" and "shall" were employed advisedly, and that the meaning of "may" should not be modified by interpretation. It is clear that the Legislature intended that, upon a bare majority vote, the county board of education of the territory from which the property is sought to be transferred was invested with discretion. Where the petition contained 75 per cent. of the resident electors, the board was given no discretion. Having employed both terms in the same statute and in the same paragraph, and having seen fit to employ the permissive language in defining the duty of the receiving board of education, it could not fairly be presumed that a mandatory duty was intended. This conclusion is further *Page 467 
aided by a later paragraph of the same statute:
"In any case before such a transfer shall be completed (1) a resolution shall be passed by a majority vote of the full membership of the board of education of the city, exempted village or county school district making or accepting the transfer as the case may be."
Applying the rule of construction set forth in Columbus, S. C. Rd. Co. v. Mowatt, supra, this court cannot say that the public interest demands in all instances that the receiving board of education shall annex the territory, because it is conceivable that the circumstances might be such for a variety of reasons that the transfer would wholly disarrange the school facilities of the contiguous district. Courts are not concerned with the wisdom or unwisdom of legislation, and if the language of Section 4696 were mandatory upon the receiving board the prayer of the petition should be granted. But inasmuch as the Legislature has employed permissive language, and many reasons can be conceived for giving the receiving board of education a discretion, this court is not warranted in construing the word "may" in the sense of "must." Again, it is more reasonable to suppose that inasmuch as the Perry county board of education is quite as deeply concerned with the proposed transfer as the Muskingum county board the Legislature intended that the transaction should be in the nature of a contract and require a meeting of the minds. Like any other contract, it should be free from duress, even legislative duress.
Inasmuch as no amendment to the petition can be made which will change the situation, the demurrer *Page 468 
to the petition will be sustained without further leave to plead, and the peremptory writ of mandamus will be denied.
Writ denied.
KINKADE, ROBINSON, JONES, MATTHIAS, DAY and ALLEN, JJ., concur.