Hart, J.
The sole question in this case is whether, under the facts shown by the record, the respondent County Board of Education is obliged to approve the transfer of the territory described in relator’s petition from the Williams County School District to the Bryan Village School District for school administration purposes.
The answer to this question must be determined by an interpretation of the statutory law of this state relating to school , district administration. Section 1696, General Code, provides that: “A county board of education may, upon a petition of a majority of the electors residing in the territory to be transferred, transfer a part or all of a school district of the county school district to an exempted village, city or county school district, the territory of,which is contiguous *387 thereto. Upon petition of seventy-five per cent of the electors in the territory proposed to he transferred the county hoard of education shall make such transfer. * * * ” (Italics ours.) This section also provides for an acceptance by the board of education of the district to which the territory is to be transferred. Prior to the enactment of the School Foundation Law, hereinafter referred to, this court held that under Section 4696, General Code, a county board of education had no discretion if seventy-five per cent of the electors residing in the territory to be transferred, petitioned for such transfer; and that mandamus would lie to compel such transfer in case the county board of education refused to make it. State, ex rel. Brenner, v. County Bd. of Edn. of Franklin County, 97 Ohio St., 336, 120 N. E., 174; State, ex rel. Whartenby, v. County Bd. of Edn. of Perry County, 122 Ohio St., 463, 172 N. E., 285.
In 1935, the Legislature of Ohio adopted the School Foundation Law, of which Sections 7600-1 to 7600-9, both inclusive, General Code, are a part. Since Section 4696, General Code, was not expressly repealed or changed in connection with the adoption of the School Foundation Law, the pertinent question in this case is to what extent that section is limited, modified or repealed by Section 7600-7, General Code, especially that portion of the latter section which provides that, “upon approval of the director, such plan of organization within any county shall take effect upon a date to be fixed by the director, and thereafter no school district or parts thereof shall be transferred or the boundary lines thereof changed unless such transfer or change of boundary lines is in accordance with such adopted plan of organization.”
These sections are in pari materia, must be construed together and harmonized if possible. It will be noted that under the foundation plan an annual survey is to be made by the county board covering all *388 the school districts in the county, preparatory to the annual adoption of an oragnization plan for the succeeding yeair, although such county board has no jurisdiction over the city or exempted village schools in such county. The plan can relate only to the county school district. The county board can not initiate the transfer of any part of its territory to city or exempted village districts, or the transfer of any portion of such city or exempted village districts to the county district. On or before the first day of June each year such board shall adopt the plan of school district reorganization within the county district for the succeeding school year, but before adopting such plan of reorganization it must call a meeting of all members of the boards of education of the rural and village school districts within the county school district, “as well as of interested persons” for a conference as to the plan of district organization, notice of which meeting must advise that the plan of organization is to be considered at such meeting.
If before, or at the time of such meeting, electors, resident of territory contiguous to a city or exempted village district within the county, present a petition for the transfer of such territory to such city or village exempted district, signed by more than seventy-five per cent of the electors, resident of such terirtory, together with a resolution of the district board to which such territory is proposed to be transférred, to the effect that such city or exempted village district is willing to accept such territory and take care of its contracts and obligations and assume its proper proportion of indebtedness, what is the duty of such county board of education in connection with such annual organization meeting?
May it, not having yet adopted a plan of organization for the succeeding year, ignore the petition of the electors of such territory seeking a transfer and deny the petition on the ground that it is not for the *389 best interests, of the county school district or the township school district of which the territory proposed to be transferred is a part, or is it mandatory upon such board of education to approve the transfer of such territory and to adopt a plan of organization for the remaining territory of the county school district accordingly? It is the opinion of the court that the board, before its adoption of a county organization plan for the succeeding year, should take into consideration and allow such petition. This procedure would permit the operation of Section 4696, General Code, above referred to, and would not violate Section 7600-7, General Code, which provides that upon the approval of the director, such plan of organization within any county shall take effect and thereafter no school district or parts thereof shall be transferred or boundary lines changed unless within the adopted plan of organization for that. year.
In this case, the electors presented their petition to the county board of education for consideration at its annual meeting held for the purpose of considering a plan of organization for the ensuing year and before such organization plan had been adopted. It is apparent from the record that the petition complied with the statutory requirements of Section 4696, General Code, and that it should have been approved in accordance with its prayer.
The court does not concur in the claim that so- long as an organization plan is in force, on the theory that one plan is in force until the instant the next year’s plan goes into operation, no petition can be considered under Section 4696, General Code, for the reason that while a plan is in effect no transfer may be made unless it is in accordance with such adopted plan of organization. On the other hand there is no good reason why the transfer may not take place at the close of the organization year following the date the petition for that purpose is filed.
*390 Since the old plan of county organization, under the School Foundation Law, goes out of existence and a new plan is created and adopted each year for the evident purpose, among other things, of readjusting school district territory, it is idle to say that a petition for transfer of territory does not conform to the plan of reorganization when it is within the power and duty of the county board to make it conform for the ensuing year. The petition for transfer may reasonably be construed to contemplate the transfer upon the turn of the organization year, and not necessarily as of the date when the petition is filed. The Court of Appeals took this view and accordingly entered its decree to the effect that the transfer be made as of the close of the year 1938-1939. The court sees no objection to this procedure.
The rule suggested does not violate the letter of these statutes and it certainly falls within the spirit of them when construed together. On any other theory, ■ Section 4696, General Code, could never have operation, and yet no one appearing before this court has been so bold as to claim that Section 4696, General Code, has been repealed by implication by Section 7600-7, General Code.
Such a proceeding as here under consideration was instituted and prosecuted by signers to a petition filed with the County Board of Education of Fulton county, Ohio, in March, 1937, demanding that certain territory located in the county school district of that county be transferred to a contiguous school district of Henry county as authorized by Section 4696, General Code. The Fulton County Board of Education at first granted the petition, but later rescinded its action, claiming that by reason of withdrawals from the petition seventy-five per cent of the electors of the territory sought to be transferred did not remain as signers on the petition. The petitioners filed an action in mandamus in the Court of Appeals of Fulton county to *391 compel the transfer. Finding the petition sufficient, a peremptory writ was allowed by that court, and its judgment was affirmed by this court. State, ex rel. Puehler, v. Bd. of Edn. of Fulton County School District, 134 Ohio St., 280, 16 N. E. (2d), 422.
Further evidence that it was not the intent of the Legislature through Section 7600-7, General Code, to give permanent control of all territory in a county school district for school administration purposes to the county board of education, so that no territory could be transferred out of the county school district without its approval and consent, is to be found in Sections 4688 and 4688-1, General Code, which were not changed upon the adoption of the. School Foundation Law and which provide the method for the creation of exempted village school districts from a county school district.
Section 4688, General Code, provides: “The board of education of any village school district containing a village which according to the last census had a population of three thousand or more, may by a majority vote of the full membership thereof decide to be exempted from the supervision of the county board of education. Such village school district by notifying the county board of education of such decision before May first in any year, shall be exempt from the supervision of the county board of education for the following school year which begins September first thereafter. The village once so exempted shall be styled an exempted village school district and shall remain so until the board of education thereof by a majority vote of the full membership determines that it desires to be supervised by the county board of education and notifies the county board of education on or before May first in any year to that effect.” Section 4688-1, General Code, provides' for the taking of a census in such districts and a certification thereof to show the *392 requisite population for the creation of such exempted village districts.
It will be noted that the only requirement to make such transfer effective, after action taken by a village board, is that the notice of the decision to create such exempted village school district be given to the county board of education before May first in any year. The county school board has absolutely no control or discretion in the matter. It does not even need to be consulted about it.
While it may not be necessary in the decision of this case to so find, a careful consideration of the school statutes in pari materia with Section 7600-7, General Code, discloses that the limitation contained in this section to the effect that, upon approval of the plan of organization within any county, thereafter no territory shall be transferred or the boundary lines thereof changed unless such transfer or change of boundary lines is in accordance with such adopted plan of organization, applies only to the action of the county board of education itself, with reference to the territory of the county school district left under its jurisdiction after excluding such territory as has been legally transferred from the county school district under other legally operative statutes. At least, it seems to the court that the only possible limitation to be read into Section 4696, General Code, by reason of the provisions of Section 7600-7, is that the transfer should not take effect between the date of the adoption of the organization plan for the county school district for any year, and the date of the expiration of such plan for that year.
The respondent also insists that a writ should not issue in favor of the relator because the Board of Education of Williams County School District had begun proceedings looking to the adoption of a school organization plan for the county .district for the year 1938-1939 before the electors’ petition for transfer of *393 territory therein was filed, claiming’ that where two distinct authoritative bodies are each authorized to act as to the same matter, then the one first to act has the right to proceed to the exclusion of the other. The respondent claims that this principle is applicable to the facts in this case and has legal sanction in the case of Trumbull County Bd. of Edn. v. State, ex rel. Van Wye, 122 Ohio St., 247, 171 N. E., 241.
In the case just cited, resident electors of certain territory in Trumbull County School District under Section 4696, General Code, petitioned the board of education of that county to transfer such territory for school purposes to Niles City School District. Almost a month previously, the Rural County Board of Education of Weathersfield township in that county, within which the territory sought to be transferred was located, passed a resolution to hold an election on the question of centralizing the schools of the township, pursuant to a petition of the electors of such township for that purpose as authorized by Section 4726, General Code. .
The election under this procedure was duly held and a majority of the votes were cast in favor of centralizing such rural school district. The petitioners for transfer of a portion of the township territory to the Niles City School District brought a mandamus action in the Court of Appeals seeking a writ to .compel the county board of education to act favorably upon their petition. The writ was granted; but on appeal this court reversed the judgment of the Court of Appeals and held that since the relators had instituted “proceedings for the transfer of the territory in question after the resolution had been duly enacted for the centralization election, and while the centralization proceeding was still pending and undetermined,” the centralization proceeding had precedence and mandamus would not lie.
The court sees here no parallel in the facts to the *394 case at bar. “While the County Board of Education of Williams county had previously published notice of the annual organization meeting, the petition of the electors was filed with the board for consideration at such meeting, which meeting was expressly called to consider all matters relating to the schools and to the organization plan for the ensuing year. No action had yet been taken which interfered with or was inconsistent with the consideration and allowance of electors’ petition. Such petition should have been considered and, since it met the legal requirements, allowed.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Day, Zimmerman, Williams, Myers and Matthias, JJ., concur.